**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PETER BARLOW, AUDREY CANDELARIO, LAURA HABBERFIELD, GREGORY SHAROFSKY, and BRIAN STIEHLER, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY,<br><br>                     Defendants. | Case No.: 1:19-cv-03349-PKC-RML |

**DEFENDANTS GOVERNMENT EMPLOYEES INSURANCE COMPANY'S, GEICO GENERAL INSURANCE COMPANY'S AND GEICO INDEMNITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

Defendants Government Employees Insurance Company, GEICO General Insurance Company and GEICO Indemnity Company (collectively, "GEICO" or "Defendants") hereby file this Partial Motion to Dismiss Plaintiffs Peter Barlow's, Audrey Candelario's, Laura Habberfield's, Gregory Sharofsky's and Brian Stiehler's (collectively, "Plaintiffs") Amended Class Action Complaint (the "Complaint") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs purport to bring this suit on behalf of several putative classes to challenge GEICO's practices concerning the payment of sales tax and title and tag transfer fees relating to the settlement of first-party total loss auto claims. Plaintiffs' claims relating to title and tag fees should be dismissed because GEICO has fulfilled its obligation for payment of first-party benefits under the applicable insurance policies and New York law. In addition, as Plaintiffs concede in

their letter briefing, they fail to state a cause of action against the non-GEICO Indemnity Defendants with respect to failure to pay sales tax as a matter of law.[1]

## BACKGROUND

Plaintiffs allege that they had a motor vehicle insurance policy with one of the Defendants (the "Policies") and that they were each involved in an automobile accident that resulted in a claim for physical damage to their respective vehicles under the Policies.  Am. Compl. (Aug. 1, 2019) at ¶¶ 2, 11-15, 35, 43, 50, 56, 62, Dkt. No. 10.  Following submission of the claims, GEICO allegedly determined that Plaintiffs' vehicles were total losses and paid them the full value of the totaled vehicles.  *Id*. at ¶¶ 36, 44, 51, 57, 63.  Despite paying Plaintiffs the full value of their totaled vehicles, Plaintiffs allege that GEICO should also have paid them title and license plate (tag) transfer fees.  *Id*. at ¶¶ 38, 46, 52, 58, 64.  In addition, Mr. Barlow alleges that GEICO Indemnity did not pay him sales tax.  *Id*. at ¶ 38.

The Policies limit GEICO's liability for a covered "loss" under the Policies to: (1) the "***actual cash value*** of the property at the time of the ***loss***;" and (2) "not exceed the cost to repair or replace the property . . . with other of like kind and quality."  Am. Compl. Ex. A ("Policy") at 11, Dkt. No. 10-1.  "***Actual cash value***" is defined as "the replacement cost of the auto or property less ***depreciation*** or ***betterment***."  *Id*. at 9.  Plaintiffs contend that the "Actual Cash Value" limitation of liability provision in the Policies includes "mandatory vehicle replacement costs . . . title fees, and tag fees."  Am. Compl. at ¶¶ 3, 31, 32.

---

[1] Plaintiff Barlow challenges GEICO Indemnity's failure to pay him sales tax in settling his total loss claim.  GEICO does not concede that Mr. Barlow's breach of contract claim with respect to GEICO's alleged non-payment of sales tax is valid or appropriate for class treatment, but does not seek dismissal of that claim at this time.

## STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is to accept all well-plead facts as true.  To withstand a motion to dismiss, however, the burden is on Plaintiffs to allege facts that raise a right to relief "above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (while "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"); *see also  Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss") (citation omitted).  In order to avoid dismissal, a plaintiff must allege "sufficient factual matter" to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  The necessity of ensuring that a complaint contains factual allegations stating a "plausible" claim for relief is particularly important when a plaintiff seeks to bring a "potentially massive . . . controversy" through class action litigation, as Plaintiffs do here.  *See Twombly*, 550 U.S. at 558.

To withstand a motion to dismiss their breach of contract claim Plaintiffs must establish "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *Terwilliger v. Terwilliger*, 206 F.3d 240, 245–46 (2d Cir. 2000) (citation omitted).  To establish these elements "[P]laintiff[s] must identify what provisions of the contract were breached as a result of the acts at issue." *Wolff v. Rare Medium, Inc*., 171 F. Supp. 2d 354, 358 (S.D.N.Y. 2001).  "Issues of contract interpretation are generally matters of law and therefore are suitable for disposition on a motion to dismiss." *Citadel Equity Fund Ltd. v. Aquila, Inc.*, 371 F. Supp. 2d 510, 516 (S.D.N.Y. 2005), *aff'd*, 168 F. App'x 474 (2d Cir. 2006) (citation and alteration omitted); *Hartford Underwriters Ins. Co. v. Hanover Ins. Co*., 122 F. Supp. 3d 143, 148 (S.D.N.Y. 2015).

With respect to Plaintiffs' claims for title and tag fees, Plaintiffs have not adequately alleged a provision of the Policies providing coverage for fees or a breach of a Policy provision caused by GEICO's alleged non-payment of fees because under New York law a totaled vehicle's "Actual Cash Value" does not include title or tag fees.  Second, Plaintiff Candelario has not adequately alleged her claim for non-payment of sales tax because Plaintiffs concede that she was paid sales tax in relation to her claim.

**I.     Plaintiffs' Claims Fail Because Under New York Law "Actual Cash Value" Does Not Include Title or Tag Transfer Fees.**

Plaintiffs allege that GEICO breached the Policies by failing to pay title and tag transfer fees in settlement of their first-party total loss claims because these fees are encompassed within the meaning of "Actual Cash Value" under the Policies.  Am. Compl. at ¶¶ 3, 31, 32.  Plaintiffs' breach of contract claims for title and tag transfer fees fail because New York law is clear that the fees Plaintiffs seek are not part of a totaled vehicle's "Actual Cash Value."  Accordingly, Plaintiffs have not and cannot adequately allege that the "Actual Cash Value" limitation in the Policies provides coverage for the fees they claim or a breach of this provision as required to state their breach of contract claims.

Part 216 of the New York State Insurance Department Regulations ("Regulation 64") governs auto insurers' claim settlement obligations under New York law.  N.Y. Comp. Codes R. & Regs. tit. 11, § 216.1, *et seq*.  These regulations are incorporated into and considered part of the Policies.  *See* Policy at 15, Dkt. No. 10-1; *Salzman v. Prudential Ins. Co*., 296 N.Y. 273, 277, 72 N.E.2d 891, 892 (1947) (applicable provisions of the Insurance Law are "deemed to [be] part of [an] insurance contract as though written into it"); *Trizzano v. Allstate Ins. Co.*, 7 A.D.3d 783, 785, 780 N.Y.S.2d 147, 149 (2d Dep't 2004) (finding "Regulation 64 had the same effect as a contractual provision" in auto insurance policy).  Regulation 64 states that "Actual Cash Value,

4

unless otherwise specifically defined by law or policy, means . . . the amounts for which the claimant can reasonably be expected to: . . . replace [the auto] with an item substantially identical to the item damaged."  N.Y. Comp. Codes R. & Regs. tit. 11, § 216.6(b).

"Actual Cash Value" is defined in the Policies as the "the replacement cost of the auto or property . . . ."  Policy at 9, Dkt. No. 10-1.  There are no material or substantive differences between the definition of "Actual Cash Value" in Regulation 64 (amounts to replace the auto) and the Policies' definition of "Actual Cash Value" (replacement cost of the auto).  *Compare* N.Y. Comp. Codes R. & Regs. tit. 11, § 216.6(b) with Policy at 9, Dkt. No. 10-1.  While the Policies and Regulation 64 have non-substantive wording differences, the meaning is the same.  At a minimum, there is nothing in the definition of "Actual Cash Value" contained in the Policies that expands its meaning beyond the definition found in Regulation 64.

Interpreting the meaning of "Actual Cash Value" under New York Insurance Law, including Regulation 64, the New York State Department of Financial Services ("DFS")[2] has specifically found that "Actual Cash Value" does not include ancillary fees, such as title transfer fees and costs.[3]  N.Y. Gen. Counsel Op., No. 3-12-2001, 2001 WL 35978342, at *2 (N.Y. Ins. Bul. Mar. 12, 2001), Dkt. No. 14-1 ("N.Y. Comp. Codes R. & Regs. tit. 11, § 216.6(b)(2) (1982) (Regulation 64) does not require that automobile insurance companies pay for title costs as a component of physical damage total loss claims.  Accordingly, title costs are not components of an original automobile's 'Actual cash value' in New York State"); N.Y. Gen. Counsel Op., No.

---

[2] In 2011, the New York State Insurance Department was consolidated with the New York State Banking Department into the New York State Department of Financial Services.  *See* https://www.dfs.ny.gov/our_history (last visited Sept. 17, 2019).

[3] Given the substantively identical definitions of "Actual Cash Value" in the Policies and Regulation 64, DFS's opinions and interpretations apply with equal force to the definition of "Actual Cash Value" in the Policies.

10-30-2008, 2008 WL 4966645, at *1 (N.Y. Ins. Bul. Oct. 30, 2008), Dkt. No. 14-2 ("An insurance company is not required under the New York Insurance Law or regulations promulgated thereunder to include title transfer costs associated with the purchase of a replacement vehicle in determining the actual cash value of a motor vehicle that has suffered a total loss."). Department of Financial Services Opinions are given deference by Courts when, as here, they are analyzing the meaning and requirements of New York insurance regulations. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 69-70 (2d Cir. 2009) (deferring to General Counsel opinions from the Insurance Department in analyzing requirements of insurance regulations); *Milich v. State Farm Fire & Cas. Co.*, No. 10-cv-5991(DRH)ARL), 2012 WL 4490531, at *4 (E.D.N.Y. Sept. 28, 2012). Because GEICO is not required under New York law to include title and tag transfer fees in determining "Actual Cash Value," it cannot have breached the Policies.[4]

Plaintiffs only identified the purported promise to pay "Actual Cash Value" in GEICO's Policies as the basis for their breach of contract claim. Because New York law specifically excludes fees from the definition of "Actual Cash Value" found in the Policies, Plaintiffs have not and cannot adequately allege that the Policies provided coverage for the fees claimed or a breach of the Policies for failure to pay fees that GEICO is not required to pay under New York law. Plaintiffs' breach of contract claim with respect to GEICO's alleged non-payment of title and tag transfer fees should therefore be dismissed as a matter of law.

---

[4] Although not specifically addressed in the bulletins cited above, the logic espoused by the Department of Financial Services applies equally to tag transfer fees, which concern the registration of a vehicle and are even further removed from replacement cost than title transfer fees.

## II.     Plaintiff Candelario's Breach of Contract Claim for Failure to Pay Sales Tax Should Be Dismissed.

Plaintiffs have expressly stated that they are not pursuing any claims against the non-GEICO Indemnity Defendants for non-payment of sales tax.  *See* Pls.' Ltr. Brief at 3, Dkt. No. 15.[5]  Despite their assertions, Plaintiffs' Amended Complaint appears to assert a claim on behalf of Plaintiff Candelario for breach of contract against Defendant Government Employees Insurance Company based on both GEICO's purported failure to pay fees ***and*** sales tax.  *See* Am. Compl. at ¶ 102 ("Government Employees' failure to pay the requisite costs of ***sales tax***, title transfer fees, and/or tag transfer fees constitutes a material breach of the contracts with Plaintiff and each of the other Government Employees Class members.") (emphasis added).  The Amended Complaint is bare of any allegation that Government Employees Insurance Company fails to pay sales tax generally, or that sales tax was not paid to Plaintiff Candelario as part of her total loss claim.

In fact, any allegation that Government Employees does not pay sales tax is directly contradicted by other allegations in the Amended Complaint that Plaintiff Candelario was paid sales tax by GEICO, and by the documents attached to the Complaint, which reflect the same.  *See* Am. Compl. at ¶ 46 ("GEICO paid Plaintiff Candelario sales tax in an amount of $678.72"); Am. Compl. Ex. C, Total Loss Settlement Explanation, Dkt. No. 10-3 (reflecting sales tax in the amount of $678.72).  Because Plaintiffs fail to allege that Government Employees Insurance Company did not pay sales tax in the settlement of Plaintiff Candelario's claim, and has admitted that she was in fact paid sales tax, her claim for breach of contract predicated on failure to pay sales tax should be dismissed.

---

[5] GEICO takes Plaintiffs at their word that they did not intend to assert a claim for sales tax on behalf of Plaintiff Candelario, but nevertheless must deal with the Amended Complaint as plead and seeks dismissal of this potential claim out of an abundance of caution.

## CONCLUSION

For the foregoing reasons, GEICO respectfully requests that this Court dismiss Plaintiffs' claims for breach of contract predicated on GEICO's alleged failure to pay title and tag fees, Plaintiff Candelario's claim for failure to pay sales tax and for any other relief the Court may deem appropriate.

Dated: September 24, 2019

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

/s/ Kymberly Kochis
Kymberly Kochis
Alexander P.  Fuchs
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone:  (212) 389-5000
Facsimile:  (212) 389-5099
kymberlykochis@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

**Attorneys for Defendants**
**GEICO INDEMNITY COMPANY, GEICO**
**GENERAL INSURANCE COMPANY and**
**GOVERNMENT EMPLOYEES INSURANCE**
**COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that a copy of the foregoing Defendants' Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiffs' Amended Class Action Complaint has been served via U.S. First Class Mail and E-mail on the below parties, on this 24th day of September, 2019.

   Daniel Ferri
   DICELLO LEVITT GUTZLER LLC
   Ten North Dearborn Street, 11th Floor
   Chicago, IL 60602
   dferri@dicellolevitt.com

   Justin S. Nematzadeh
   DICELLO LEVITT GUTZLER LLC
   444 Madison Avenue, 4th Floor
   New York, NY 10022
   jnematzadeh@dicellolevitt.com

   I hereby further certify that a copy of the cover letter accompanying Defendants' Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiffs' Amended Class Action Complaint, has been filed with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all counsel of record, on this 24th day of September, 2019.

   I hereby further certify that a copy of Defendants' Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiffs' Amended Class Action Complaint will be filed with the Clerk of the Court using the CM/ECF filing system, on October 18, 2019, pursuant to this Court's order.

         /s/ Kymberly Kochis
         Kymberly Kochis