

## DICELLO LEVITT GUTZLER

TEN NORTH DEARBORN STREET   ELEVENTH FLOOR   CHICAGO, ILLINOIS 60602

DANIEL R. FERRI
DFERRI@DICELLOLEVITT.COM
312.800.8620

July 21, 2020

**Via ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re: *Barlow et al. v. Government Employees Insurance Co. et al,*
       Case No. 1:19-cv-03349-PKC-RML

Dear Judge Chen,

  Plaintiff writes to advise the Court of a recent summary judgment opinion, issued on July 8, 2020, in *Sos v. State Farm Mutual Automobile Insurance Co.*, Case No. 17-cv-890-Orl-40LRH (M.D. Fla.).  A copy of the opinion is attached hereto as Exhibit A.

  In *Sos,* the court addressed a physical damage automobile insurance policy that included an actual cash value limit of liability provision, similar to the policy that is at issue in this case.  The plaintiff in *Sos* alleged that State farm breached its policy contract by failing to pay, under this actual cash value provision, the costs of sales tax and title transfer fees after plaintiff suffered the total loss of his vehicle.  The *Sos* court granted summary judgment in Plaintiff's favor.  Interpreting "actual cash value" to mean "replacement cost minus depreciation" under Florida law, the court concluded that taxes and fees are necessarily included in the replacement cost of a total loss vehicle.

  Here, Defendant's policy expressly defined "actual cash value" as "the replacement cost of the auto or property less depreciation or betterment."  Thus, *Sos* is directly on point.

            Sincerely,

            Daniel R. Ferri